IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWINA HARTUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: |
| | : | |
| FIRST STATE DINING CORP. d/b/a | : | JURY TRIAL DEMANDED |
| GATOR'S SPORTS BAR, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

### INTRODUCTION

1. This is a complaint for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and the covenant of good faith and fair dealing, seeking compensatory and punitive damages, attorneys' fees and costs, and equitable and other relief under 42 U.S.C. § 2000e-5(g).

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. Supplemental jurisdiction exists over the state law claim under 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely complaint of gender discrimination against Defendant with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") on or about May 8, 2003. [Exhibit A]. Both the DDOL and EEOC found cause to believe that Plaintiff's rights were violated. [Exhibit B and C]. The EEOC issued her a Right to Sue. This complaint is filed within ninety (90) days of her receipt of the Right to Sue. [Exhibit

D].

## THE PARTIES

5. Plaintiff Edwina Hartung (Mrs. Hartung) is a female who was employed by Defendant from September 1996 until she was terminated on June 5, 2003.

6. Defendant First State Dining Corp. is a Delaware Corporation engaged in owning and running the restaurant/bar known as Gator's Sports Bar, located at 519 E. Basin Road, New Castle, Delaware 19720. At all times relevant hereto Defendant employed more than fifteen (15) employees. Its registered agent for service of process is First State Dining Corp., 519 E. Bain Road, New Castle, Delaware 19720. At all times relevant hereto, the corporation was equally owned between Jeffrey D. Sorrels and Dean Russo. Subsequent to Mrs. Hartung's termination, Dean Russo passed away.

## THE FACTS

7. During the course of her employment, Mrs. Hartung was subjected to repeated, unlawful, unwelcome instances of sexual harassment. She complained about that sexual harassment. The complaints were not effectively investigated or remedied, resulting in a continuation of the sexual harassment.

8. During the course of her employment, Mrs. Hartung was repeatedly subjected to unwelcome sexual conduct that had the purpose or effect of unreasonably interfering with Mrs. Hartung's work performance and created an intimidating, hostile, and offensive working environment. The conduct by her harassers, Jeff Sorrells (the owner) and Will Speverer (another bartender) included, *inter alia*, offensive touching of Mrs. Hartung in various places and improper sexual comments, *i.e.*, Will Speverer stating to Mrs. Hartung that he "jerks off thinking of her" and Jeff Sorrells stating to Mrs. Hartung that if he fully owned the restaurant he would

put "big titty girls behind the bar."

9. Mrs. Hartung complained of the sexual harassment to the harassers, and to the co-owner of the company, Dean Russo. Defendant did not have any effective policy or procedure against sexual harassment, and failed to effectively investigate her complaints of sexual harassment or to take appropriate steps to insure that her harassers were trained, educated and disciplined. As a result of Defendant's failure to remedy and respond to her complaints of sexual harassment the harassers continued to sexually harass her.

10. On May 8, 2003, filed her charge of discrimination with the DDOL. Defendant retaliated against Mrs. Hartung for complaining of the discrimination and for filing the charge of discrimination. On June 26, 2003, Mrs. Hartung filed a charge of retaliation with the DDOL.

11. Defendant breached the covenant of good faith and fair dealing by, inter alia, terminating Plaintiff in violation of public policy and falsification and/or manipulation of Plaintiff's employment records to create fictitious grounds for termination.

12. As a proximate result of Defendant's unlawful conduct Mrs. Hartung suffered emotional distress, upsetment, loss of self esteem, and wages and benefits.

13. Defendant acted willfully, maliciously or with reckless disregard for the federally protected rights of Mrs. Hartung.

14. If relief is not granted, Mrs. Hartung will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended. Plaintiff has no adequate remedy at law to redress the wrongs described above.

**WHEREFORE**, Plaintiff Mrs. Hartung prays that judgment be entered in her favor and that she be awarded:

    A. Compensatory and punitive damages;

B. Back pay and benefits;

C. Front pay;

D. Injunctive relief prohibiting Defendant from engaging in and/or tolerating sexual harassment by its members or gender discrimination against its employees;

E. Attorneys' fees, costs and expenses;

F. Such other and further relief as may be just and proper under the circumstances.

                        Respectfully submitted,
                        **RICHARD R. WIER, JR., P.A.**

                        Richard R. Wier, Jr. (#716)
                        Daniel W. Scialpi (#4146)
                        1220 Market St., Suite 600
                        Wilmington, DE 19801
                        (302)888-3222
                        RWier@wierlaw.com

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER
- [ ] FEPA 06031086
- [ ] EEOC 17CA300434

Delaware Department of Labor and EEOC
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) Edwina A. Hartung | **HOME TELEPHONE NO.** (Include Area Code) (302) 455-1494 |
| **STREET ADDRESS** 208 Arlene Court | **CITY, STATE AND ZIP CODE** Newark DE 19702 **COUNTY** NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME Gators Sports Bar | NO. OF EMPLOYEES OR MEMBERS 15+ | TELEPHONE NUMBER (Incl. Area Code) (302) 322-4766 |
|---|---|---|
| STREET ADDRESS 519 East Basin Road, | CITY, STATE AND ZIP CODE New Castle DE 19720 | |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |

- [ ] RACE  [ ] COLOR  [x] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE
- [ ] RETALIATION  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 1/1/2001
LATEST 4/25/2002
[x] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am a female who has been employed by Respondent since about September 1996. Beginning in or about January 2001 I began to work in an ever-increasing hostile work environment. Jeff Sorrells (male) and "Will" (last name unknown, male) began to harass me. Both men would swear at me. Despite my objections to this behavior, they continued. I remained with Respondent as I needed work. The atmosphere became so heated until March 2003 at which time both men groped me. The physical contact immediately stopped after my husband talked to Will. However, on April 25, 2003, Jeff called me a "f***** b**** and c***." Will also told me, "[he] jerks off thinking about me."

Management gave no explantion for my disparate treatment.

I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, as amended, because of my gender : 1. I am Respondent's only female bartender working weekends. 2. My work performance is not in issue.

[x] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

5/8/03
Date    Charging Party (Signature)

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date    (Day, month, and year)

EEOC FORM 5
REV 6/92
PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT B



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

*Winner, Delaware Quality Award of Merit*

## NOTICE OF REASONABLE CAUSE FINDING

RE: Hartung v. Gators Sports Bar            State Case No.: 03061086

On May 8, 2003, Ms. Edwina A. Hartung filed a Charge of Discrimination against Gators Sports Bar. The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding:

On November 30, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I. Undisputed Facts:
   1. Charging Party began her employment with Respondent in 1996 as a bartender.
   2. Charging Party's employment relationship with Respondent ended in June of 2003.

II. Disputed Facts:
   1. Charging Party alleges that she was sexually harassed by both another bartender as well as one of the owners in many different ways on several occasions.
   2. Respondent denies any allegations of sexual harassment by either Mr. Will Speverer, the other bartender or Mr. Jeff Sorrells, owner.

III. Resolution of Material Facts in Dispute:
   1. Charging Party was able to furnish more than one witnesses who corroborated Charging Party's allegations of sexual harassment.

IV. Resolution:
   1. Charging Party met her burden of showing that she was discriminated against when she was sexually harassed.

The Charge of Discrimination, State Case No. 03061086 will be administratively processed and assigned to a conciliation officer in an effort to administratively resolve the complaint pursuant to 19 *Del. C.* Section 712(c).

11/19/04
DATE

_____
INVESTIGATOR
LABOR LAW ENFORCEMENT OFFICER

11/19/04
DATE

Julie Cutler
~~JULIE CUTLER~~
~~LABOR LAW ENFORCEMENT SUPERVISOR~~
ADMINISTRATOR

# EXHIBIT C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

EEOC Charge Number: 17C-2003-00434

Edwina A. Hartung
208 Arlene Court
Newark, DE 19702

Charging Party

v.

Gator Sports Bar
519 East Basin Road
New Castle, DE 19720

Respondent

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue on behalf of the EEOC the following determination as to the merits of the subject charge, filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The timeliness and all requirements for coverage have been met. The EEOC adopts the findings of the Delaware Department of Labor issued on November 19, 2004.

Charging Party alleged that she was subjected a sexually hostile work environment and to physical and verbal sexual harassment because of her sex, female, by Mr. Will Speyger, a bartender and Mr. Jeff Sorrells, principal owner of Respondent, on numerous occasions throughout her period of employment.

Respondent denies the allegations and contends that Charging Party was a "problem employee," due to unsatisfactory performance and her insubordinate demeanor. Moreover, Respondent contends that Charging Party never complained to anyone at Respondent's that she was being harassed or treated inappropriately.

The original investigation conducted by the Delaware Department of Labor resulted in a probable cause finding based on the testimony of witnesses who corroborated Charging Party's allegations of sexual harassment and a hostile work environment.

Based on the available evidence, I have determined that the evidence establishes a violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as alleged. Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in

reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking an amount inclusive of the applicable cap to your organization (up to and including $50,000) for compensatory and punitive damages; and actual monetary costs incurred by the Charging Party.

A Commission representative will prepare a monetary demand to include actual, compensatory and punitive damages for Charging Party; and, if appropriate, attorney fees and costs which have accrued to date. Again, the Commission is postured to consider any reasonable offer during this period. If an offer has not previously been submitted, Respondent is requested to accept, reject, or submit a counteroffer to the conciliation proposal which will be forthcoming on behalf of Charging Party. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

7/29/05
Date

On behalf of the Commission,

Marie M. Tomasso
District Director

# EXHIBIT D

EEOC Form 161-A (10/96)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Ms. Edwina A. Hartung
208 Arlene Court
Newark, DE 19702

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[  ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00434 | Legal Unit | (215) 440-2828 |

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

Marie M. Tomasso, District Director

September 26, 2005
*(Date Mailed)*

cc:   Gators Sports Bar
Richard R. Wier, Esquire (For Charging Party)

# EXHIBIT E

# EXHIBIT E

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

ENTER CHARGE NUMBER
☐ FEPA 0703117 1
☐ EEOC 17CA300518

**Delaware Department of Labor** and **EEOC**
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) Edwina A. Hartung | HOME TELEPHONE NO. (Include Area Code) (302) 455-1494 |
|---|---|

| STREET ADDRESS 208 Arlene Court | CITY, STATE AND ZIP CODE Newark DE 19702 NCC | COUNTY |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME Gators Sports Bar | NO. OF EMPLOYEES OR MEMBERS 15+ | TELEPHONE NUMBER (Incl. Area Code) (302) 322-4766 |
|---|---|---|

| STREET ADDRESS 519 East Basin Road, | CITY, STATE AND ZIP CODE New Castle DE 19720 |
|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE
☒ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 5/8/2003
LATEST 6/6/2003
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am a female who began working for Respondent since about September 1996. On May 8, 2003 I filed a charge of sexual harassment against Respondent's Jeff Sorrels (male) and "Will" (last name unknown, male) with the Delaware Labor Department. On June 6, 2003 Jeff discharged me.

No explanation has been given for my termination.

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, as amended, because: 1. My discharge from Respondent's was a result of my filing a charge of Discrimination. 2. Will continues to be employed by Respondent. 3. It is my understanding that Will now has my former work schedule.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/26/03
Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date (Day, month, and year)

EEOC FORM 5 REV 6/92   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED